Mr. Williams objected, because he had not given notice to the plaintiff's agent, who lives in this place, ten days before the present, but one *Page 323 
or two days notice only. It will be contended, on the other side, that ten days notice is not required by the act. The first clause directs notice in general to be given, without specifying for what length of time; a subsequent part says the creditor or creditors being noticed according to the directions of this act. Then in the latter part of the act, speaking of notice to be given when a schedule of effects is to be rendered by the debtor, it directs ten days notice to be given, and this is the part of the act referred to by the words (according to the directions of the act) in the foregoing part; by which the Legislature meant to express ten days notice. (409)
Notice must be given that is expressly required. If there is no length of time prescribed in the act, it ought to be a reasonable time; and what is a reasonable time cannot be better ascertained than by referring to the time the Legislature has appointed in a similar case. The latter part of this act appoints ten days notice to creditors, whose debtor is about to deliver a schedule of his effects. The preparation for these creditors to make, is no greater than the preparation to be made by those of the other class, and, therefore, as long time should be given in the one case as the other. But, in truth, this act does provide that ten days shall be given in the case now before the Court. The true meaning of any written instrument is best collected from a view of the whole, et antecedentibus etconsequentibus. Notice is required in the first part of the same clause; in a subsequent part of the same clause it is required again, with the addition of the words, "according to the directions of this act"; and by the latter part of the act, notice of ten days must be given to the creditor of a debtor about to deliver a schedule. We are, if possible, to give every word some operative meaning, but we should give no meaning at all to the words, "according to the directions of this act," if we say they mean nothing more than the preceding words had expressed, or notice in general. Indeed, according to the construction of the petitioner's counsel, the whole of this sentence, so far as it relates to notice, is nugatory — notice having been directed before. Something more, therefore, must be meant by the additional words, "according to the directions of this act." It has reference to what is expressed in some other part of the act, having another meaning than that part of the sentence to which the words are additional; and that must necessarily be the term of ten days expressed in the latter part, by a reference to which these words have an effect and meaning, and *Page 324 
complete the sense of the first clause directing notice, which otherwise would be incomplete and uncertain for want of defining the time. Therefore, the act provides ten days notice to be given. It has not been given in the present case, and the petitioner cannot be discharged.
So he was remanded.
At April Term, 1797, another person presented his petition to the Court by Robert Bell, his attorney, to be admitted to the oath of (410) an insolvent debtor and discharged, but he had not given ten days notice.